1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                   CENTRAL DISTRICT OF CALIFORNIA

10

11    JESUS G., [1]                          Case No. 5:20-cv-0494-GJS

12              Plaintiff
                                             **MEMORANDUM OPINION AND**
13        v.                                 **ORDER**

14    ANDREW SAUL, Commissioner of
      Social Security,
15
                Defendant.
16

17              **I.    PROCEDURAL HISTORY**

18        Plaintiff Jesus G. ("Plaintiff") filed a complaint seeking review of Defendant

19    Commissioner of Social Security's ("Commissioner") denial of his applications for

20    Disability Insurance Benefits and Supplemental Security Income ("SSI").  The

21    parties filed consents to proceed before the undersigned United States Magistrate

22    Judge [Dkts. 11, 12] and briefs addressing disputed issues in the case [Dkt. 18

23    ("Pltf.'s Br."), Dkt. 21 ("Def.'s Br."), and Dkt. 22 (Pltf.'s Reply").]  The Court has

24    taken the parties' briefing under submission without oral argument.  For the reasons

25    discussed below, the Court finds that this matter should be remanded for further

26

27    _____

28    [1]    In the interest of privacy, this Order uses only the first name and the initial of
      the last name of the non-governmental party.

proceedings.

## II.    ADMINISTRATIVE DECISION UNDER REVIEW

Plaintiff filed applications for DIB and SSI alleging that he became disabled as of November 24, 2010.  [Dkt. 16, Administrative Record ("AR") 21, 272-280.] Plaintiff's applications were denied initially, on reconsideration, and after a hearing before Administrative Law Judge ("ALJ") Clary Simmonds [AR 1-6, 19-33.]

Applying the five-step sequential evaluation process, the ALJ found that Plaintiff was not disabled.  *See* 20 C.F.R. §§ 416.920(b)-(g)(1).  At step one, the ALJ concluded that Plaintiff has not engaged in substantial gainful activity since November 24, 2010, the onset date.  [AR 21 (citing 20 C.F.R. § 416.971).]  At step two, the ALJ found that Plaintiff suffered from the following severe impairments: degenerative disc disease of the lumbar spine; degenerative disc disease of the cervical spine with stenosis; cervical radiculopathy; right shoulder tendonitis and small partial rotator cuff tear; bilateral shoulder impingement; neuropathy; and arthritis of the bilateral hips.  Next, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments.  [AR 25 (citing 20 C.F.R. Part 404, Subpart P, Appendix 1; 20 C.F.R. §§ 416.920(d), 416.925, and 416.926.]

The ALJ found that Plaintiff had the residual functional capacity (RFC) to perform a limited range of sedentary work except:

> he can lift, carry, push or pull up to 10 pounds occasionally and less than 10 pounds frequently; can stand or walk for four hours in an eight-hour workday and sit for six hours in an eight-hour workday; can occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl; can never climb ladders, ropes or scaffolds; would require an assistive device for all ambulation; can frequently reach in any direction including overhead; can frequently handle and finger with the bilateral upper extremities; and can perform work that does not require exposure to uneven terrain; or to hazards such as moving machinery or unprotected heights.

[AR 25.]  Applying this RFC, the ALJ found that Plaintiff could not return to his past relevant work, but as a younger individual with limited education and English speaking abilities, he could perform other work in the national economy and, thus, is not disabled.  [AR 32.]

## III.    GOVERNING STANDARD

Under 42 U.S.C. § 405(g), the Court reviews the Commissioner's decision to determine if: (1) the Commissioner's findings are supported by substantial evidence; and (2) the Commissioner used correct legal standards.  *See Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1159 (9th Cir. 2008); *Hoopai v. Astrue*, 499 F.3d 1071, 1074 (9th Cir. 2007).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal citation and quotations omitted); *see also Hoopai*, 499 F.3d at 1074.  The Court will uphold the Commissioner's decision when the evidence is susceptible to more than one rational interpretation. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).  However, the Court may review only the reasons stated by the ALJ in his decision "and may not affirm the ALJ on a ground upon which he did not rely." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007).

## IV.    DISCUSSION

The single issue raised by Plaintiff is whether the ALJ failed to state sufficient reasons for discounting his subjective symptom testimony.  [Pltf.'s Br. at 5-15.]

In November 2015, Plaintiff authored a function report where he reported an inability to squat, kneel, or climb stairs.  [AR 355.]  Plaintiff reported being able to lift up to 15 pounds from the waist to face level, but that he cannot comfortably carry more than ten pounds. [AR 355.]  During the day, he performs light housework and he supervises his young daughter while she does her homework. [AR 356.]  His girlfriend, who works a night shift, "does all basic care for [their]

3

daughter that she needs." [AR 356.]  Plaintiff, however, prepares small meals such as hot dogs, sandwiches, and noodles, for himself and his daughter, but he can no longer prepare big meals. [AR 357.]  Plaintiff goes out alone and he waters his yard daily.  He can drive a car and goes shopping twice per month.  [AR 358.]

At the June 2017 hearing, Plaintiff testified that he suffers from neck pain, back pain, and weakness in his legs and arms.  [AR 57.]  Plaintiff also experiences hip pain and stiffness. [AR 56, 57.]  His pain stems from work related injuries where he fell backwards injuring his back. [AR 58.]  Upon questioning from his attorney, Plaintiff testified that he has used a cane to ambulate for approximately three years. [AR 56.]  Although the cane was not initially prescribed by a doctor, his doctors were aware that he is using the cane and they did not object to its use.  [AR 56.]  Plaintiff also regularly wears a back brace.  [AR 57.]  For his pain, Plaintiff takes narcotic pain medication and he receives injections in his spine and neck approximately every five months.  [AR 61.]  When asked about his daily activities, Plaintiff explained that he has a hard time carrying objects.  [AR 66.]  Plaintiff testified that he cannot lift anything and he cannot carry anything.  [AR 65.]  His daughter and her mom help carry groceries to the car.  [AR 66.]  He has a difficult time with stairs and uses a cane to walk up the four steps at the entryway of his mobile home.  [AR 66.]  Plaintiff testified that he cannot stand for longer than two minutes at a time before he starts experiencing pain in his feet and back.  [AR 68.]  During the day, he does not lay down much, rather he alternates between sitting on the couch and standing.  [AR 69.]

Because there is no allegation of malingering and the ALJ found that "claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms" [AR 26], the ALJ's reasons must be clear and convincing.  *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007).  Even if "the ALJ provided one or more invalid reasons for disbelieving a claimant's testimony," if he "also provided valid reasons that were supported by the record,"

1    the ALJ's error "is harmless so long as there remains substantial evidence

2    supporting the ALJ's decision and the error does not negate the validity of the ALJ's

3    ultimate conclusion." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012)

4    (internal quotation omitted).

5         Here, the ALJ gave two clear reasons to reject Plaintiff's credibility: (1)

6    inconsistencies between Plaintiff's testimony and his daily activities; and (2)

7    inconsistencies between the objective medical evidence and Plaintiff's allegations of

8    pain limitations.  The ALJ also implied a third reason: that Plaintiff's use of a cane

9    that was "not medically necessary" and without a prescription further demonstrated

10   that Plaintiff's subjective complaints were inconsistent with the medical evidence.

11   The Court takes each in turn.

12        First, the ALJ found that Plaintiff's reported daily activities are not entirely

13   consistent with his allegations of subjective symptoms/pain.  [AR 26.].  An ALJ

14   may rely on "testimony about the claimant's daily activities" to "discredit an

15   allegation of pain." *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989).  There are

16   "two grounds for using daily activities to form the basis of an adverse credibility

17   determination:" (1) where the plaintiff's testimony contradicts his activities of daily

18   living; and (2) where the activities of daily living meet "the threshold for

19   transferable work skills." *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007).  But

20   "[t]he ALJ must make 'specific findings relating to [the daily] activities' and their

21   transferability to conclude that a claimant's daily activities warrant an adverse

22   credibility determination." *Orn*, 495 F.3d at 639 (internal quotation marks and

23   citation omitted). *Id.* (quoting *Burch*, 400 F.3d at 681).  The Ninth Circuit has

24   cautioned that a plaintiff need not be "utterly incapacitated" to be disabled. *Fair*,

25   885 F.2d at 603.  "[T]he mere fact that a plaintiff has carried on certain daily

26   activities, such as grocery shopping, driving a car, or limited walking for exercise,

27   does not in any way detract from her credibility as to his overall disability."

28   *Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001).  Some activities, such as

                                          5

walking, are "not necessarily transferable to the work setting with regard to the impact of pain" because a plaintiff "may do these activities despite pain for therapeutic reasons." *Id.* "[T]hat does not mean she could concentrate on work despite the pain or could engage in similar activity for a longer period given the pain involved." *Id.*

Here the ALJ noted that Plaintiff's daily activities include "making meals for his daughter, watering the plants, washing dishes, driving, shopping in stores, going out alone, taking his daughter to and from school, going to doctors' appointments, and spending time with others and his family." [AR 26.] The ALJ stated that these activities were "specifically inconsistent with claimant's allegation that he had difficulty lifting, standing, walking, sitting, squatting, bending, standing, reaching, kneeling, climbing, following instructions, using hands, concentrating, understanding, and memorizing. [AR 26.] Although the ALJ lists potential inconsistencies, the ALJ fails to explain how these daily activities contradict Plaintiff's testimony or established that he can work.

In fact, the ALJ does not make *any* specific findings regarding Plaintiff's daily activities. Rather, the ALJ merely summarized the activities that Plaintiff testified about performing and summarized Plaintiff's alleged impairments. It is not apparent from the record how Plaintiff's statements regarding the minimal activities that he can perform inside and outside the home to take care of himself conflict with Plaintiff's allegedly disabling symptomology. "[T]he mere fact that a plaintiff has carried on certain daily activities, such as grocery shopping, driving a car, or limited walking for exercise, does not in any way detract from h[is] credibility as to h[is] overall disability." *Vertigan v. Halter*, 260 F.3d 1044, 1049-50 (9th Cir. 2001). Further, "many home activities are not easily transferable to what may be the more grueling environment of the workplace, where it might be impossible to periodically rest or take medication." *Fair*, 885 F.2d at 603; *Garrison v. Colvin*, 759 F.3d 995, 1016 (9th Cir. 2014) ("We have repeatedly warned that ALJs must be especially

cautious in concluding that daily activities are inconsistent with testimony about pain, because impairments that would unquestionably preclude work and all the pressures of a workplace environment will often be consistent with doing more than merely resting in bed all day."). Thus, the record fails to show that Plaintiff's asserted home activities are inconsistent with his allegedly disabling symptomology.

Second, the parties raise the ALJ's discussion of Plaintiff's use of a cane without a prescription as a credibility factor. According to the parties, the ALJ rejected Plaintiff's credibility, in part, because he used a cane to walk that was neither prescribed nor medically necessary. (Pltf.'s Br. at 11-12; Def's Br. at 3.) It is unclear from the decision whether the ALJ intended this to be an independent reason for doubting Plaintiff's subjective complaints, as the ALJ concludes the cane discussion by stating that Plaintiff's "ability to ambulate [is] inconsistent with the objective medical evidence." [AR 27.] Thus, it appears that the ALJ intended her statement regarding Plaintiff's use of a cane as an explanatory reason why Plaintiff's allegations were inconsistent with the objective medical evidence. Nonetheless, Plaintiff contends that the ALJ's reliance on his use of a cane without a prescription to undermine his credibility was error. Specifically, Plaintiff argues that "just because he was not initially prescribed a cane does not mean that he does not need one." (Pltf.'s Br. at 11.) Moreover, Plaintiff contends that he obtained a prescription for a cane in March 2019, a few weeks after the ALJ issued the February 2019 unfavorable decision. (Pltf.'s Br. at 11.). The Commissioner responds that "an ALJ appropriately considers whether the claimant uses an assistive device despite a lack of medical necessity." *See Chaudry v. Astrue*, 688 F.3d 661, 671 (9th Cir. 2012) (claimant's non-prescribed use of a wheelchair and unwarranted use of a cane also factored into the ALJ's determination that [claimant's] subjective expression of his limitations lacked credibility.").

The Commissioner's reliance on *Chaudry* is misplaced. There, the Ninth Circuit determined that the unprescribed and unwarranted use of an assistive device

could be a valid consideration in an ALJ's credibility analysis.  However, in *Chaudry*, the ALJ found that the Plaintiff's continued use of a cane undermined his credibility because the Plaintiff-claimant's physicians specifically advised him to stop using his non-prescribed cane as "long term use of the cane [would] further encourage pain and disabled behaviors."  *Chaudhry*, 688 F.3d at 664.  In affirming the ALJ's adverse credibility determination, the Ninth Circuit held that Plaintiff's continued use of a cane against his physicians' recommendations demonstrated his failure to follow the advice of providers which itself undermined Plaintiff's credibility.  *Id.* at 672.  The present case is therefore unlike *Chaudry*.

Here, although Plaintiff's cane was not initially prescribed, Plaintiff's medical records confirm that his physicians repeatedly noted the use of a cane without objection.  [See AR 758 ("cane"), 863 ("cane dependent"), 906 ("antalgic gait with the use of a cane".)  Further, despite the ALJ's uncertainty about whether Plaintiff's cane was medically necessary, the ALJ ultimately "incorporated the use of a cane in [Plaintiff's] RFC" which suggests that the ALJ considered that the need for a cane was more than theoretical.  [AR 27.]  Moreover, in establishing that his cane is medically necessary, Plaintiff points to evidence throughout the record of measurable muscle atrophy in his legs, as noted by the consultative examiner who measured a five-centimeter difference in size between Plaintiff's right thigh and left thigh (41 cm/46 cm, respectively), and his later acquired prescription for the use of a cane.  [AR 711.]

Thus, because it is not entirely clear that the ALJ intended her discussion of Plaintiff's use of a cane to be an additional reason (beyond inconsistency with the objective medical evidence) to discount Plaintiff's credibility, and there is at least some medical evidence supporting his need for a cane, the Court does not find this a sufficiently clear or convincing reason supporting the credibility determination.  *See, e.g., Saunders v. Astrue*, 433 F. App'x 531, 534 (9th Cir. 2011) (ALJ's observation that claimant wore a brace and used a cane when "no treating physician had

1   prescribed these assistive devices" provided little, if any, support to discredit his
2   testimony).

3        Lastly, the ALJ concluded that the objective medical evidence was
4   inconsistent with Plaintiff's testimony regarding his limitations.  [AR 26-27.]  It is
5   well established that an "ALJ may not discredit a claimant's subjective testimony
6   on" the sole basis that "no objective medical evidence" supports the claimant's
7   testimony as to "the severity of the subjective symptoms from which he suffers."
8   *Light v. Comm'r of Soc. Sec. Admin.*, 119 F.3d 789, 792 (9th Cir. 1997).  Indeed, "it
9   is the very nature of excess pain to be out of proportion to the medical evidence,"
10  and thus, a finding that a claimant is not credible because his pain testimony is out
11  of proportion to the medical evidence is an "inadequate reason."  *Gonzalez v.*
12  *Sullivan*, 914 F.2d 1197, 1201 (9th Cir. 1990).  While the lack of medical evidence
13  to support a claimant's allegations of disabling pain and symptoms "is a factor that
14  the ALJ can consider in his credibility analysis," it "cannot form the sole basis for
15  discounting pain testimony."  *Burch*, 400 F.3d at 681.

16        Thus, this reason, on its own, is inadequate to support the ALJ's adverse
17  credibility determination, because the asserted failure of the medical record to
18  corroborate Plaintiff's subjective symptom and pain testimony fully is not, by itself,
19  a legally sufficient basis for rejecting such testimony.  *Rollins v. Massanari*, 261
20  F.3d 853, 856 (9th Cir. 2001).  The ALJ may not make a negative credibility finding
21  "solely because" the claimant's symptom/pain testimony "is not substantiated
22  affirmatively by objective medical evidence."  *Robbins v. Comm'r of Soc. Sec.*
23  *Admin.*, 466 F.3d 880, 883 (9th Cir. 2006); *Light*, 119 F.3d at 792 ("a finding that
24  the claimant lacks credibility cannot be premised wholly on a lack of medical
25  support for the severity of his pain"); *Bunnell v. Sullivan*, 947 F.2d at 345 ("an
26  adjudicator may not reject a claimant's subjective complaints based solely on a lack
27  of objective medical evidence to fully corroborate the alleged severity of the
28  [symptoms].").  The ALJ's last reason, therefore, is not clear and convincing and

1    cannot save the ALJ's adverse credibility determination.

2      Accordingly, as there is no basis for finding the ALJ's error to be harmless,

3    reversal is required.

4    **V.   CONCLUSION**

5      The decision of whether to remand for further proceedings or order an

6    immediate award of benefits is within the district court's discretion. *Harman v.*

7    *Apfel*, 211 F.3d 1172, 1175-78 (9th Cir. 2000).  When no useful purpose would be

8    served by further administrative proceedings, or where the record has been fully

9    developed, it is appropriate to exercise this discretion to direct an immediate award

10   of benefits. *Id.* at 1179 ("the decision of whether to remand for further proceedings

11   turns upon the likely utility of such proceedings").  But when there are outstanding

12   issues that must be resolved before a determination of disability can be made, and it

13   is not clear from the record the ALJ would be required to find the claimant disabled

14   if all the evidence were properly evaluated, remand is appropriate. *Id.*  A remand

15   for an immediate award of benefits is appropriate "only in rare circumstances."

16   *Brown-Hunter v. Colvin*, 806 F.3d 487, 495 (9th Cir. 2015) (internal citation

17   omitted).

18     The Court finds that remand is appropriate because the circumstances of this

19   case do not preclude the possibility that further administrative review could remedy

20   the ALJ's errors.  On remand, the Commissioner must re-evaluate Plaintiff's

21   pain/subjective symptom assertions and testimony properly, which in turn may lead

22   to the formulation of a new RFC and the need for additional vocational expert

23   testimony.  The Court therefore declines to exercise its discretion to remand for an

24   immediate award of benefits. *See INS v. Ventura*, 537 U.S. 12, 16 (2002) (upon

25   reversal of an administrative determination, the proper course is remand for

26   additional agency investigation or explanation, "except in rare circumstances");

27   *Dominguez v. Colvin,* 808 F.3d 403, 407 (9th Cir. 2015) ("Unless the district court

28   concludes that further administrative proceedings would serve no useful purpose, it

1    may not remand with a direction to provide benefits.").

2        For all of the foregoing reasons, **IT IS ORDERED** that:

3        (1) the Decision of the Commissioner is REVERSED and this matter

4            REMANDED pursuant to sentence four of 42 U.S.C. § 405(g) for further

5            administrative proceedings consistent with this Memorandum Opinion and

6            Order; and

7        (2) Judgment be entered in favor of Plaintiff.

8

9        **IT IS SO ORDERED.**

10

11   DATED: March 16, 2021

12                                  _____

13                                  GAIL J. STANDISH
                                    UNITED STATES MAGISTRATE JUDGE